**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, | |
| Plaintiff, | Civil Action No. 11-cv-1240-RGA |
| v. | |
| FRUIT OF THE LOOM, INC., | |
| Defendant. | |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

FARNAN LLP
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE  19801
Telephone:  (302) 777-0300
Facsimile:  (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*
*Round Rock Research, LLC*

*Of Counsel:*

Jon T. Hohenthaner
Jason Berrebi
Eugene Chiu
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Telephone:  (212) 351-3400
Facsimile:  (212) 351-3401

Dated:  February 24, 2012

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDINGS ................................................................... 1

SUMMARY OF ARGUMENT ................................................................................................ 1

STATEMENT OF FACTS ....................................................................................................... 3

    I.      Background Of The Technology. ........................................................................ 3

    II.     Round Rock's Patent Infringement Allegations. ............................................... 4

ARGUMENT ........................................................................................................................... 7

    I.      The Complaint Sufficiently Pleads Direct Infringement. ................................... 8

        A.     The Complaint Comports With Form 18 And Therefore States A Claim Upon Which Relief May Be Granted. ............................................... 8

        B.     Even Without Form 18, The Complaint Pleads Sufficient Factual Allegations To State A Claim Upon Which Relief May Be Granted. ............................................................................................... 10

    II.     The Complaint Sufficiently Pleads Indirect Infringement. ............................... 13

    III.    The Complaint Sufficiently Pleads Willful Infringement. ................................. 17

CONCLUSION ...................................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3M Innovative Props. Co. v. EnvisionWare, Inc.*,
    No. 09-1594, 2010 WL 5067449 (D. Minn. Dec. 6, 2010) ................................................ 3

*Absolute Software, Inc. v. Stealth Signal, Inc.*,
    659 F.3d 1121 (Fed. Cir. 2011)...................................................................................... 10

*Anticancer Inc. v. Xenogen Corp.*,
    248 F.R.D. 278 (S.D. Cal. 2007) ................................................................................... 12

*Applera Corp. v. Thermo Electron Corp.*,
    No. 04-1230-GMS, 2005 WL 524589 (D. Del. Feb. 25, 2005)........................................ 11

*Ashcroft v. Iqbal*,
    129 S. Ct. 1937 (2009).................................................................................................. 7

*Avery Dennison Corp. v. Alien Tech. Corp.*,
    632 F. Supp. 2d 700 (N.D. Ohio 2008)............................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...................................................................................................... 7

*Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*,
    729 F. Supp. 2d 789 (N.D. Tex. 2010) .......................................................................... 17

*Bender v. Nat'l Semiconductor Corp.*,
    No. 09-1151, 2009 WL 4730896 (N.D. Cal. Dec. 7, 2009).................................. 12, 14, 16

*Brinkmeier v. Graco Children's Prods., Inc.*,
    684 F. Supp. 2d 548 (D. Del. 2010) ................................................................................ 7

*Christopher v. Harbury*,
    536 U.S. 403 (2002)...................................................................................................... 7

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
    363 F.3d 1263 (Fed. Cir. 2004)..................................................................................... 13

*Eidos Commc'ns, LLC v. Skype Techs. SA*,
    686 F. Supp. 2d 465 (D. Del. 2010)............................................................................ 9, 12

*Elan Microelectronics Corp. v. Apple, Inc.*,
    No. 09-1531, 2009 WL 2972374 (N.D. Cal. Sept. 14, 2009)........................................... 12

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
    802 F. Supp. 2d 527 (D. Del. 2011).............................................................................. 15

ii

*F5 Networks, Inc. v. A10 Networks, Inc.*,
    No. 07-1927, 2008 WL 687114 (W.D. Wash. Mar. 10, 2008) ........................................ 18

*Farm-To-Consumer Legal Defense Fund v. Vilsack*,
    636 F. Supp. 2d 116 (D.D.C. 2009) .................................................................................. 3

*Hamilton v. Palm*,
    621 F.3d 816 (8th Cir. 2010) ......................................................................................... 10

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    695 F. Supp. 2d 680 (S.D. Ohio 2010) .......................................................................... 16

*Landmark Tech. LLC v. Aeropostale*,
    No. 09-262, 2010 WL 5174954 (E.D. Tex. Mar. 29, 2010) ........................................... 16

*LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*,
    No. 08-234-GMS, 2009 WL 3738306 (D. Del. Nov. 9, 2009) ....................................... 12

*Li Ming Tseng v. Marukai Corp. U.S.A.*,
    No. 09-968, 2009 WL 3841933 (C.D. Cal. Nov. 13, 2009) ........................................... 12

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
    670 F. Supp. 2d 349 (D. Del. 2009) ............................................................. 8, 11, 13, 16

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
    671 F. Supp. 2d 563 (D. Del. 2009) .......................................................................... 14, 15

*Mark IV Indus. Corp. v. Transcore, L.P.*,
    No. 09-418-GMS, 2009 WL 4828661 (D. Del. Dec. 2, 2009) ......................................... 9

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007) ................................................................................... 8, 9

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
    No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) .................................... 14, 15

*Nichia Corp. v. Seoul Semiconductor Ltd.*,
    No. 06-162, 2006 WL 1233148 (N.D. Cal. May 9, 2006) .............................................. 18

*Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*,
    998 F.2d 1192 (3d Cir. 1993) .......................................................................................... 3

*Phillips v. County of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ........................................................................................... 7

*Realtime Data, LLC v. Stanley*,
    721 F. Supp. 2d 538 (E.D. Tex. 2010) .......................................................................... 16

*Rovi Corp. v. Hulu, LLC,*
    No. 11-665-MMB, 2012 WL 261982 (D. Del. Jan. 27, 2012) ........................................ 12

*S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.,*
    No. 08-292-SLR, 2009 WL 423989 (D. Del. Feb. 20, 2009) .................................... 11, 17

*Swierkiewicz v. Sorema N.A.,*
    534 U.S. 506 (2002).......................................................................... 10

*Trustees of the Bldg. Trades Educ. Ben. Fund v. Crana Elec., Inc.,*
    No. 10-2065, 2011 WL 4434190 (E.D.N.Y. Sept. 22, 2011) ........................................... 3

*Via Vadis, LLC v. Skype, Inc.,*
    No. 11-507-MMB, 2012 WL 261367 (D. Del. Jan. 27, 2012) ....................................... 12

*Xpoint Techs., Inc. v. Microsoft Corp.,*
    730 F. Supp. 2d 349 (D. Del. 2010)................................................................ 11, 16, 17

## **Statutes**

35 U.S.C. § 271(a) ............................................................................................. 4

35 U.S.C. § 271(b) ...................................................................................... 5, 13, 15

35 U.S.C. § 271(c) ...................................................................................... 5, 13, 15

## **Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................... 7

Fed. R. Civ. P. 8(a)(2) ....................................................................................... 7

Fed. R. Civ. P. 84 ............................................................................................. 9

Fed. R. Civ. P. Form 18 ............................................................................... passim

Plaintiff Round Rock Research, LLC ("Round Rock") respectively submits this brief in opposition to Defendant Fruit of the Loom, Inc.'s ("Fruit of the Loom") motion to dismiss.

## NATURE AND STAGE OF THE PROCEEDINGS

Round Rock filed this patent infringement action against Fruit of the Loom on December 14, 2011, for infringement of five Round Rock patents. (D.I. 1.)[1] Nine other related actions involving these five patents are also pending before this Court.[2] A scheduling conference pursuant to Fed. R. Civ. P. 16(b) is set for March 28, 2012.

## SUMMARY OF ARGUMENT

1.      Fruit of the Loom relies upon three arguments in support of its motion to dismiss: (i) that a direct infringement pleading complying with Form 18 of the Federal Rules of Civil Procedure is not sufficient (Fruit of the Loom Br. at 9-10); (ii) that "Round Rock does not identify the products accused of infringement or even categories of products" (*Id*. at 1); and (iii) that the infringement claims "consist entirely of legal conclusions without any factual support" (*Id*.). Each of these arguments is incorrect.

2.      First, Fruit of the Loom's assertion that conformance with Form 18 is not sufficient to state a direct infringement claim has been repeatedly rejected. (*See* § I.A.) Accordingly, because there is no reasonable dispute that Round Rock's direct infringement

---

[1] Fruit of the Loom asserts that Round Rock seeks injunctive relief (Fruit of the Loom Br. at 1), but the Complaint does not seek such relief. (*See* D.I. 1.)

[2] *See* Case Nos. 1:11-cv-01237-RGA (Macy's Retail Holdings, Inc.); 1:11-cv-01238-RGA (American Apparel, Inc.); 1:11-cv-01239-RGA (Dole Food Company, Inc.); 1:11-cv-01241-RGA (The Gap, Inc.); 1:11-cv-01242-RGA (Hanesbrands Inc.); 1:11-cv-01243-RGA (J.C. Penney Corporation, Inc.); 1:11-cv-01244-RGA (PepsiCo, Inc.); 1:11-cv-01245-RGA (V.F. Corporation); and 1:11-cv-01279-RGA (Amazon.com, Inc.).

claims conform with Form 18 (*id*.), Fruit of the Loom's motion to dismiss these claims should be denied for this reason alone.

3.      Second, Fruit of the Loom's assertion that Round Rock does not identify the accused products or category of products is incorrect.  The Complaint expressly identifies the accused products as "products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers (collectively, 'RFID products')."  (D.I. 1 at ¶ 15.)  RFID tags and readers are well-known in the industry, and Fruit of the Loom cannot credibly contend—nor has it contended—that it does not understand what constitutes an RFID tag or reader.  Indeed, this Court has held that identifying a general category of products, such as the RFID products here, is sufficient.  Fruit of the Loom's motion should therefore be denied for this additional reason.

4.      Finally, Fruit of the Loom's assertion that the Complaint consists entirely of legal conclusions without any factual support is wrong.  For example, the Complaint expressly alleges, among other things:  (i) that the accused RFID products are "encompassed by" the patent claims (and that the use of those products meets "every step" of the method patent claims) (D.I. 1 at ¶¶ 15, 25, 35, 45, 55); (ii) that Fruit of the Loom and its customers make, use, sell offer for sale, and/or import the accused RFID products (D.I. 1 at ¶¶ 15-16, 25-26, 35-36, 45-46, 55-56); (iii) that Fruit of the Loom had knowledge and notice of the patents and the infringement through letters sent by Round Rock to Fruit of the Loom on December 17, 2010, and November 15, 2011 (D.I. 1 at ¶¶ 17, 27, 37, 47, 57); and (iv) that Fruit of the Loom had the requisite state of mind for inducing, contributory, and willful infringement (D.I. 1 at ¶¶ 18-19, 21, 28-29, 31, 38-39, 41, 48-49, 51, 58-59, 61.)  This Court has repeated held that allegations such as these are sufficient to

statement direct, indirect, and willful infringement claims upon which relief can be granted. Fruit of the Loom's motion should therefore be denied in its entirety.

## STATEMENT OF FACTS

### I.      Background Of The Technology.[3]

The patents-in-suit describe and claim innovations in radio frequency identification ("RFID") technology.  (D.I. 1 at Exs. A–E.)  "RFID systems are similar to bar coding systems in that they facilitate the identification and tracking of a particular object.   There are two components to RFID systems:  the RFID reader and the RFID inlay [or tag].  The reader retrieves information remotely from the inlay.  The inlay is a tag attached to, or incorporated in, the object to be tracked.  It generally consists of a microchip connected to an antenna."  *Avery Dennison Corp. v. Alien Tech. Corp.*, 632 F. Supp. 2d 700, 703 (N.D. Ohio 2008); *see also 3M Innovative Props. Co. v. EnvisionWare, Inc.*, No. 09-1594, 2010 WL 5067449, at *1 (D. Minn. Dec. 6, 2010) ("RFID technology utilizes a reader and a tag.  The RFID tag is a small circuit and antenna that contains information.  The RFID reader communicates with the RFID tag, typically reading the information stored on the tag." (internal citations to complaint omitted)); *Farm-To-Consumer Legal Defense Fund v. Vilsack*, 636 F. Supp. 2d 116, 118 n.2 (D.D.C. 2009) ("An RFID tag is an

---

[3] The overview of RFID technology herein is for context only, and not necessary to show the sufficiency of the Complaint (although the patents attached to the Complaint and the cited FTC report may be considered).  *C.f. Trustees of the Bldg. Trades Educ. Ben. Fund v. Crana Elec., Inc.*, No. 10-2065, 2011 WL 4434190, at *2 (E.D.N.Y. Sept. 22, 2011) ("It is well-settled that when resolving motions made pursuant to Rule 12(b)(6), the Court is generally limited to reviewing the factual allegations contained in the Complaint.  The Court, therefore, sets forth the following factual recitation [from the affidavit and exhibits] for context only, and does not rely on these facts or extrinsic materials in rendering its decision."); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1197 (3d Cir. 1993) ("Courts have defined a public record, for purposes of what properly may be considered on a motion to dismiss, to include … published reports of administrative bodies." (internal citations omitted)).

object that can be applied to or incorporated into a product, animal, or person for the purpose of identification and tracking using radio waves.").

For example, a report published by the staff of the Federal Trade Commission describes RFID technology as follows:

> In RFID systems, an item is tagged with a tiny silicon chip and an antenna; the chip plus antenna (together called a "tag") can then be scanned by mobile or stationary readers, using radio waves (the "RF").  The chip can be encoded with a unique identifier, allowing tagged items to be individually identified by a reader (the "ID").  Thus, for example, in a clothing store, each particular suit jacket, including its style, color, and size, can be identified electronically.

(Ex. A, RFID, A Workshop Report from the Staff of the Federal Trade Commission, at 1 (March 2005) (available at www.ftc.gov/os/2005/03/050308rfidrpt.pdf)).  The FTC report illustrates an exemplary RFID "tag":



(*Id*. at 4).

## II.    Round Rock's Patent Infringement Allegations.

Round Rock alleges that Fruit of the Loom has infringed and continues to infringe five Round Rock patents directed towards RFID technology by, for example, making, using, selling, offering for sale, and/or importing products and systems employing RFID tags and readers. (D.I. 1 at ¶¶ 13-62.)

First, Round Rock alleges that Fruit of the Loom ***directly infringes*** each patent-in-suit under 35 U.S.C. § 271(a) as follows:

> 15.   Fruit of the Loom has infringed, and continues to infringe, one or more claims of the '650 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States, including for example, by using products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers (collectively, "RFID products").

(D.I. 1 at ¶ 15; *see also id.* at ¶¶ 25, 35, 45, and 55.)[4]

Second, Round Rock alleges that Fruit of the Loom ***indirectly infringes*** each patent-in-suit under 35 U.S.C. § 271(b) and (c).   In support of the indirect infringement claims, Round Rock alleges that third parties, including Fruit of the Loom's customers, directly infringe each patents-in-suit:

> 16.   Third parties, including Fruit of the Loom's customers, have infringed, and continue to infringe, one or more claims of the '650 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States by using RFID products supplied at least in part by Fruit of the Loom.

(D.I. 1 at ¶ 16; *see also id.* at ¶¶ 26, 36, 46, and 56.)  Round Rock further alleges that Fruit of the Loom had prior knowledge and notice of the patents and the infringement:

> 17.   Fruit of the Loom has had knowledge of and notice of the '650 patent and its infringement since at least November 15, 2011, through a letter sent by Round Rock to Fruit of the Loom concerning the '650 patent and its infringement.

(D.I. 1 at ¶ 17; *see also id.* at ¶¶ 27, 37, 47, and 57.)  And Round Rock alleges that Fruit of the Loom both induced and contributed to the third party infringement:

---

[4] Two of the patents-in-suit (the '650 and '544 patents) include only method claims, and thus the Complaint alleges that Fruit of the Loom and its customers infringe these patents "by practicing every step of those claims in the United States."   (D.I. 1 at ¶¶ 15-16, 25-26.)   The remaining patents-in-suit include apparatus claims, and thus the Complaint alleges that Fruit of the Loom and its customers infringe these patents "by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims." (D.I. 1 at ¶¶ 35-36, 45-46, 55-56.)

18.   Fruit of the Loom has induced infringement, and continues to induce infringement, of one or more claims of the '650 patent under 35 U.S.C. § 271(b). Fruit of the Loom actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '650 patent by selling or otherwise supplying RFID products; with the knowledge and intent that third parties will use the RFID products supplied by Fruit of the Loom to infringe the '650 patent; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the RFID products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the RFID products.

19.   Fruit of the Loom has contributed to the infringement by third parties, including Fruit of the Loom's customers, and continues to contribute to infringement by third parties, of one or more claims of the '650 patent under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, RFID products, knowing that those products constitute a material part of the inventions of the '650 patent, knowing that those products are especially made or adapted to infringe the '650 patent, and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

(D.I. 1 at ¶¶ 18-19; *see also id.* at ¶¶ 28-29, 38-39, 48-49, and 58-59.)

Finally, Round Rock alleges that Fruit of the Loom ***willfully infringes***.  Specifically, Round Rock alleges that Fruit of the Loom had knowledge and notice of the patents and their infringement before this suit was filed, and that Fruit of the Loom's infringement is willful:

17.   Fruit of the Loom has had knowledge of and notice of the '650 patent and its infringement since at least November 15, 2011, through a letter sent by Round Rock to Fruit of the Loom concerning the '650 patent and its infringement.

\* \* \*

21.   Fruit of the Loom's infringement of the '650 patent was, and continues to be, willful.

(D.I. 1 at ¶¶ 17, 21; *see also id.* at ¶¶ 27, 31, 37, 41, 47, 51, 57, 61.)

**ARGUMENT**

A defendant may move for dismissal based on a plaintiff's alleged "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "When reviewing a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in a complaint as true and view them in the light most favorable to the plaintiff." *Brinkmeier v. Graco Children's Prods., Inc.*, 684 F. Supp. 2d 548, 550 (D. Del. 2010) (citing *Christopher v. Harbury*, 536 U.S. 403, 406 (2002)).

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Assuming the factual allegations are true, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While the complaint need not make detailed factual allegations, 'a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Brinkmeier*, 684 F. Supp. 2d at 550 (quoting *Twombly*, 550 U.S. at 555). "Thus, stating a claim upon which relief can be granted 'requires a complaint with enough factual matter (taken as true) to suggest the required element' of a cause of action." *Id.* (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)). Accordingly, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). *Twombly*, 550 U.S. at 570; *see also Brinkmeier*, 684 F. Supp. 2d at 550.

As set forth below, Round Rock's pleadings of direct, indirect, and willful infringement are sufficient under the Federal Rules of Civil Procedure and applicable case law, and Fruit of the Loom's motion should be denied.

**I.      The Complaint Sufficiently Pleads Direct Infringement.**

Fruit of the Loom's assertion that Round Rock's direct infringement claims are insufficient because "the Complaint provides no factual support for its allegations, which consist entirely of legal conclusions" and does not identify the products accused of infringement or even categories of products" (Fruit of the Loom Br. at 1) is without merit.  As set forth below, the Complaint clearly comports with Form 18 of the Federal Rules of Civil Procedure and pleads the factual basis for Fruit of the Loom's direct infringement of the patents-in-suit.  Nothing more is required, and Fruit of the Loom's motion should be denied.  *See, e.g., McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) ("[A] patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend."); *see also Mallinckrodt Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 353 (D. Del. 2009).

**A.      The Complaint Comports With Form 18 And Therefore States A Claim Upon Which Relief May Be Granted.**

As a threshold matter, Round Rock's Complaint comports with the level of specificity set forth in Form 18 of the Federal Rules of Civil Procedure, which provides the following exemplary pleading of direct infringement:

> 3.   The defendant has infringed and is still infringing the Letters Patent *by making, selling, and using <u>electric motors</u>* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

Fed. R. Civ. P. Form 18 (emphasis added).  Consistent with Form 18, the Complaint alleges direct infringement by Fruit of the Loom as follows:

15.     Fruit of the Loom has infringed, and continues to infringe, one or more claims of the '650 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States, including for example, by using products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers (collectively, "RFID products").

(D.I. 1 at ¶ 15 (emphasis added); *see also id*. at ¶¶ 25, 35, 45, 55.)[5]  The accused products here—"products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers"—is no less specific than the "electric motors" set forth in the exemplary direct infringement pleading of Form 18.  Indeed, all RFID products employed by Fruit of the Loom are at issue in this case, so Round Rock's description of the accused products is as concise as reasonably practical at the pleading stage.

Accordingly, because the Complaint comports with Form 18, it properly states direct infringement claims upon which relief may be granted.  *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").  Fruit of the Loom's assertion to the contrary (Fruit of the Loom Br. at 9-10) has been repeatedly rejected.  *See, e.g., Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) ("The Federal Circuit has held that the Federal Rules of Civil Procedure Form 18  (2006), setting forth a sample complaint for patent infringement, meets the *Twombly* pleading standard." (citing *McZeal*, 501 F.3d at 1356-57)); *Mark IV Indus. Corp. v. Transcore, L.P.*, No. 09-418-GMS, 2009 WL 4828661, at *4 (D. Del. Dec. 2, 2009) ("Absent an explicit abrogation of these forms by the Supreme Court, this court presumes that they are 'sufficient to withstand attack under the rules under which they are drawn' and 'practitioner[s] using them

---

[5] The Complaint also includes allegations conforming to the remaining portions of Form 18. (*See* D.I. 1.)  Fruit of the Loom does not contend otherwise.

may rely on them to that extent.'" (citation omitted)); *Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (finding that by the terms of Fed. R. Civ. P. 84, compliance with the forms satisfies the pleading requirements under Fed. R. Civ. P. 8(a)(2) because the rules and forms "may only be amended 'by the process of amending the Federal Rules, and not by judicial interpretation.'" (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)).  Fruit of the Loom's motion to dismiss Round Rock's direct infringement claims should be denied for this reason alone.

### B.      Even Without Form 18, The Complaint Pleads Sufficient Factual Allegations To State A Claim Upon Which Relief May Be Granted.

Even disregarding Form 18, the Complaint sufficiently pleads direct infringement.  For example, contrary to Fruit of the Loom's assertion that the "Complaint is comprised entirely of legal conclusions, rather than factual assertions" (Fruit of the Loom Br. at 6), the Complaint expressly alleges that Fruit of the Loom makes, uses, sells, offers for sale, and/or imports RFID products (D.I. 1 at ¶¶ 15, 25, 35, 45, 55)—allegations of fact, not legal conclusions.  And the Complaint's allegations that those products are "encompassed by" the patent claims (or that the use of those products meets "every step" of the method patent claims) (*id.*) are likewise factual allegations, not legal conclusions.  *See, e.g., Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1300-01 (Fed. Cir. 2011) ("Infringement, whether literal or under the doctrine of equivalents, is a question of fact.").

Furthermore, Fruit of the Loom's assertion that "Round Rock does not identify the products accused of infringement or even categories of products" (Fruit of the Loom Br. at 1) simply ignores the Complaint, which expressly identifies "products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers (collectively, 'RFID products')" as infringing products.  (D.I. 1 at ¶ 15.) All such RFID products employed by Fruit of the Loom are at issue, and it is well-established

that this level of detail is sufficient.  *See, e.g.,* Fed. R. Civ. P. Form 18; *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 353 (D. Del. 2010) ("As this court has previously held, it is not necessary to identify specific products, i.e., model names, but plaintiffs pleadings must mimic Form 18 and identify a general category of products.").  Indeed, this Court has repeatedly found pleadings such as those here sufficient:

- *Xpoint Techs.*, 730 F. Supp. 2d at 353 (finding pleading sufficient that alleged that "AMD manufactures and sells infringing processors and chipsets that permit peer-to-peer I/O data transfer using northbridge-southbridge architecture, including without limitation chipsets that are sold with HP computers.")

- *Mallinckrodt*, 670 F. Supp. 2d at 353 (finding pleading sufficient that alleged that "Defendants have infringed … one or more claims of the '434 Patent by making, using, offering to sell, and/or selling certain injector systems, *including but not limited to* injectors marketed under the name EmpowerMR.")

- *S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, No. 08-292-SLR, 2009 WL 423989, at *1-2 (D. Del. Feb. 20, 2009) (finding pleading sufficient that alleged that "MEMC 'makes, sells, and/or offers for sale silicon on insulator ('SOI') wafers and other engineered semiconductor substrates (the 'MEMC Products') in the United States; '[o]n information and belief, MEMC manufactures MEMC Products using a method which infringes one or more claims of [the patents-in-suit],'" even though "[n]o particular products are specified nor manufacturing details provided.")

- *Applera Corp. v. Thermo Electron Corp.*, No. 04-1230-GMS, 2005 WL 524589, at *1 (D. Del. Feb. 25, 2005) (finding pleading sufficient where it "plainly states that Thermo has allegedly infringed the '736 patent 'directly, contributorily, and/or by inducing others to infringe the patent by making, using, offering for sale and selling mass spectrometer systems that are encompassed by or the use of which is encompassed by one or more claims of the '736 patent.'")

Fruit of the Loom's attempt to bolster its argument by string-citing numerous cases allegedly dismissing "allegations of patent infringement like the ones in Round Rock's Complaint" (Fruit of the Loom Br. at 6-8) does not support its position.  Each of these cases is readily distinguishable—either they address pleadings lacking identification of even a general

category of accused products, do not explain what aspect of the pleading was deficient, or do not

even address the sufficiency of *direct* infringement claims:

- *Eidos Commc'ns*, 686 F. Supp. 2d at 467 (finding pleading insufficient where it did not "provide a general product category even analogous to 'electric motors,'" but rather, merely accused defendants' "communication system products and/or methodologies.")

- *Bender v. Nat'l Semiconductor Corp.*, No. 09-1151, 2009 WL 4730896, at *2-3 (N.D. Cal. Dec. 7, 2009) (finding pleading insufficient, but not identifying what aspect of the pleading was insufficient—either the identification of products or the admitted "fail[ure] to allege infringing activity within the United States.")

- *Elan Microelectronics Corp. v. Apple, Inc.*, No. 09-1531, 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009) (finding pleading insufficient where it accused the defendant of "directly and/or indirectly" infringing but failed to allege the required elements of *indirect* infringement.)

- *Li Ming Tseng v. Marukai Corp. U.S.A.*, No. 09-968, 2009 WL 3841933, at *1 (C.D. Cal. Nov. 13, 2009) (finding description of accused products as "goods that infringe upon Plaintiff's … patent" insufficient.)

- *Anticancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (finding pleading insufficient where the entirety of the infringement claim alleged that "[e]ach of the defendants has directly infringed the [] Patent and has indirectly infringed the [] Patent by contributing to or inducing direct infringements of the [] Patent by others.")

- *Rovi Corp. v. Hulu, LLC*, No. 11-665-MMB, 2012 WL 261982, at *1-2 (D. Del. Jan. 27, 2012) (addressing the sufficiency of *indirect* infringement claims.)[6]

- *Via Vadis, LLC v. Skype, Inc.*, No. 11-507-MMB, 2012 WL 261367, at *1 (D. Del. Jan. 27, 2012) (finding pleading insufficient where "[e]ach allegation asserts that it is based 'on information and belief' and uses conclusory language asserting that Defendants are infringing on patents owned by Plaintiff and that the infringement was intentional.")

- *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, No. 08-234-GMS, 2009 WL 3738306, at *1 (D. Del. Nov. 9, 2009) (addressing sufficiency of pleadings directed towards "the Lanham Act and Delaware Deceptive Trade Practices causes of action.")

---

[6] The underlying motion in *Rovi* also makes clear that the dispute was limited to indirect infringement claims. *See* D. Del. Civ. A. No. 11-665, D.I. 22-23.

Accordingly, because the Complaint comports with Form 18 and pleads the factual basis for Fruit of the Loom's direct infringement of the patents-in-suit, Fruit of the Loom's motion to dismiss Round Rock's direct infringement claims should be denied.

## II.    The Complaint Sufficiently Pleads Indirect Infringement.

Fruit of the Loom's motion to dismiss Round Rock's indirect infringement claims should also be denied.  "In order to prevail on an indirect infringement claim, a plaintiff must first demonstrate direct infringement, then establish that the 'defendant possessed the requisite knowledge or intent to be held vicariously liable.'"  *Mallinckrodt*, 670 F. Supp. 2d at 354 (quoting *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004)). As discussed below, the Complaint pleads facts establishing each of the elements of inducing infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c). (D.I. 1 at ¶¶ 16-19, 26-29, 36-39, 46-49, 56-59.)

First, the Complaint pleads direct infringement by third parties, including Fruit of the Loom's customers:

> 16.    Third parties, including Fruit of the Loom's customers, have infringed, and continue to infringe, one or more claims of the '650 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States by using RFID products supplied at least in part by Fruit of the Loom.

(D.I. 1 at ¶ 16; *see also id.* at ¶¶ 26, 36, 46, and 56.)  For the reasons set forth above in section I, these allegations sufficiently allege direct infringement, despite Fruit of the Loom's unsupported assertions to the contrary.  Moreover, Fruit of the Loom's assertion that "[t]here has been no identification of the allegedly infringing third parties or the infringing products" (Fruit of the Loom Br. at 12) is incorrect.  As discussed above, the Complaint expressly identifies RFID products as infringing.  And the identification of "Fruit of the Loom's customer's" as direct

infringers is more than sufficient at the pleading stage. *See, e.g., Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, No. 10-666-SLR, 2011 WL 941197, at *3 (D. Del. Mar. 16, 2011) ("Plaintiff need not plead that a specific third party directly infringes the patent-in-suit in order to state a claim for indirect infringement.… [I]dentifying third parties who participated in allegedly infringing activities is a proper question for discovery."); *Bender*, 2009 WL 4730896, at *3 (finding inducement claim sufficient where it "alleg[es] that National Semiconductor's customers directly infringe the '188 Patent by using National Semiconductor's products in an infringing manner.").

Second, the Complaint pleads that "Fruit of the Loom has had knowledge of and notice of" the patents and the infringement "through a letter sent by Round Rock to Fruit of the Loom" on November 15, 2011 (and on December 17, 2010, for the '078 patent):

> 17.   Fruit of the Loom has had knowledge of and notice of the '650 patent and its infringement since at least November 15, 2011, through a letter sent by Round Rock to Fruit of the Loom concerning the '650 patent and its infringement.

(D.I. 1 at ¶ 17; *see also id.* at ¶¶ 27, 37, 47, and 57.)  This pleading sufficiently alleges the requisite knowledge for claims of indirect infringement. *See, e.g., Minkus*, 2011 WL 941197, at *3 ("Complaints that the court has found to satisfy the requirements for pleading knowledge contained a specific allegation of defendants' knowledge."); *Mallinckrodt Inc. v. E-Z-Em Inc.*, 671 F. Supp. 2d 563, 569 (D. Del. 2009) ("The proposed Amended and Supplemental Complaint sufficiently pleads Defendants' knowledge of the '434 patent in that it alleges that Defendants 'became aware of the '434 patent on or shortly after the date of its issuance,' and moreover, that Defendants were also aware of the subject matter of the '434 patent as early as October 16, 2007, when E-Z-EM filed with the United States Patent and Trademark Office an Information

Disclosure Statement identifying certain prior art, including the application (No. 09/851,462) that resulted in the issuance of the '434 patent.").

Finally, the Complaint pleads the remaining elements of inducing infringement and contributory infringement of each of the patents-in-suit. (D.I. 1 at ¶¶ 18-19, 28-29, 38-39, 48-49, 58-59.) *See* 35 U.S.C. §§ 271(b) and (c). Nothing more is required. *See, e.g., Mallinckrodt*, 671 F. Supp. 2d at 569 ("[T]he proposed Amended and Supplemental Complaint sufficiently pleads that Defendants intended to induce infringing acts" by alleging that Defendants "'actively induc[e] the making, use, offer for sale, sale, and/or import of' allegedly infringing injectors and injector systems, 'intend[ing] that others will use its injector systems in a manner that infringes the '434 patent.'"); *Minkus*, 2011 WL 941197, at *3 ("Given Form 18's liberal pleading requirements which allow plaintiff to plead that entire product categories infringe the patent-in-suit, plaintiff's identification of specific products that directly infringe satisfies the requirement that some part or product contributorily infringe.").

Fruit of the Loom fails to cite even a single case holding that pleadings comparable to those here are insufficient. Rather, as with the direct infringement claims, Fruit of the Loom string-cites numerous cases, none of which supports its position. (Fruit of the Loom Br. at 12-13.) Unlike the Complaint here, each of these cases addresses pleadings that either failed to allege knowledge of the patent, failed to identify any accused products, or alleged simply that a product sale could "permit" a third party to infringe:

- *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 534 (D. Del. 2011) (finding pleading insufficient where "Plaintiff fails to allege sufficient facts that would allow the court to infer that defendants had any knowledge of the '757 patent at the time they were committing the allegedly infringing activities.")

- *Minkus*, 2011 WL 941197, at *3 n.4 (finding pleading insufficient where "Plaintiff did not specify in its complaint how defendants were notified of their alleged infringement of the '174 patent.")

15

- *Xpoint Techs.*, 730 F. Supp. 2d at 357 (finding pleading insufficient where the complaint "fails to allege sufficient facts that would allow the court to infer that [defendants] had any knowledge of the '028 patent at the time they were committing the allegedly infringing activities.")

- *Mallinckrodt*, 670 F. Supp. 2d at 354 (finding pleading insufficient where "Plaintiffs' Complaint does not specifically allege that Defendants had knowledge of the '434 Patent at the time they were committing the allegedly infringing activities … [and] do not specifically allege any intent to induce infringement.")

- *Realtime Data, LLC v. Stanley*, 721 F. Supp. 2d 538, 541, 544 (E.D. Tex. 2010) (finding pleading insufficient that merely alleged that "Defendants have been and are now directing [sic] infringement and/or indirectly infringing by inducement and/or contributing to infringement of the [Realtime patent] in this District and elsewhere in violation of 35 U.S.C. § 271 including making, using, selling, and/or offering for sale, one or more data compression products and/or services, covered by at least one claim of the [Realtime patent].")[7]

- *Landmark Tech. LLC v. Aeropostale*, No. 09-262, 2010 WL 5174954, at *1-3 (E.D. Tex. Mar. 29, 2010) (finding pleading insufficient where it "does not identify any accused products or services," but rather, simply accuses "products and/or services embodying the invention.")

- *Bender*, 2009 WL 4730896, at *1-3 (finding pleading that did not allege knowledge of the patent or infringing activity within the United States insufficient.)

- *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 685 (S.D. Ohio 2010) (finding pleading did not "plausibly state a claim" of specific intent where it alleged merely that the sale of certain products "permit" performing the infringing process.)

Accordingly, because the Complaint here pleads the factual basis for Fruit of the Loom's indirect infringement in accordance with the Federal Rules of Civil Procedure and with the level of specificity that this Court has recognized is sufficient, Fruit of the Loom's motion to dismiss Round Rock's indirect infringement claims should be denied.

---

[7] Fruit of the Loom's citation of *Realtime Data* for the proposition that a complaint must identify which patent claims are infringed and individual products (as opposed to a general class of products) is incorrect.  The District Court Judge in *Realtime Data*—in clarifying his adoption of the Magistrate Judge's Report and Recommendation—expressly stated that such specificity is **not** required.  *See Realtime Data*, 721 F. Supp. 2d at 539.

### III.     The Complaint Sufficiently Pleads Willful Infringement.

Fruit of the Loom bases its challenge to Round Rock's willful infringement claims on its assertions that "Round Rock has not alleged any adequate claims of patent infringement against Fruit of the Loom" and "has not even adequately identified what Fruit of the Loom is accused of infringing."   (Fruit of the Loom Br. at 13-14.)   But as set forth above, these assertions are without merit, and Fruit of the Loom's motion should therefore be denied.

Furthermore, the Complaint expressly alleges that Fruit of the Loom had knowledge and notice of the patents and the infringement before this suit was filed, and that Fruit of the Loom's infringement was willful:

> 17.     Fruit of the Loom has had knowledge of and notice of the '650 patent and its infringement since at least November 15, 2011, through a letter sent by Round Rock to Fruit of the Loom concerning the '650 patent and its infringement.
>
> *     *     *
>
> 21.     Fruit of the Loom's infringement of the '650 patent was, and continues to be, willful.

(D.I. 1 at ¶¶ 17, 21; *see also id.* at ¶¶ 27, 31, 37, 41, 47, 51, 57, 61.)   Nothing more is required. *See, e.g., Xpoint Techs.*, 730 F. Supp. 2d at 358 (finding that a pleading that alleges that the defendant "had, or should have had, knowledge" of the patent-in-suit is sufficient for pleading a willful infringement claim.); *S.O.I.TEC Silicon*, 2009 WL 423989, at *1-2 (finding pleading of willful infringement sufficient where "Plaintiff's also generally aver that MEMC's infringement of each patent 'is and has been willful," with "[n]o additional factual allegations.").

Nor does Fruit of the Loom cite any authority holding that anything more is required.  To the contrary, each case cited by Fruit of the Loom addresses pleadings that—unlike here—failed to allege prior knowledge of the patent-in-suit.  *See, e.g., Bell Helicopter Textron Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 800 (N.D. Tex. 2010) (dismissing willful infringement

claim that was based solely "[u]pon information and belief" and that did not allege prior knowledge of the patent.); *F5 Networks, Inc. v. A10 Networks, Inc.*, No. 07-1927, 2008 WL 687114, at *1 (W.D. Wash. Mar. 10, 2008) (finding pleading of willful infringement insufficient because "the complaint does not allege prior knowledge of the patent."); *Nichia Corp. v. Seoul Semiconductor Ltd.*, No. 06-162, 2006 WL 1233148, at *2 (N.D. Cal. May 9, 2006) (dismissing willful infringement claim against certain defendants because "the complaint alleges that [one defendant] 'had notice and actual knowledge of the [patents] before the filing of this suit,' … but does not include any allegations that [the other defendants] had knowledge of such patents….").

Accordingly, because the Complaint pleads a factual basis for willful infringement and comports with the level of specificity that this Court has recognized is sufficient, Fruit of the Loom's motion to dismiss Round Rock's willful infringement claims should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's motion to dismiss.

Respectfully submitted,

Dated:  February 24, 2012                 FARNAN LLP


 _/s/ Brian E. Farnan_____
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE  19801
Telephone:  (302) 777-0300
Facsimile:  (302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Round Rock Research, LLC*

*Of Counsel:*

Jon T. Hohenthaner

18

jhohenthaner@desmaraisllp.com
Jason Berrebi
jberrebi@desmaraisllp.com
Eugene Chiu
echiu@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
Telephone:  (212) 351-3400
Facsimile:  (212) 351-3401