IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-1240 (RGA) |
| | ) |
| FRUIT OF THE LOOM, INC., | ) |
| | ) |
| Defendant. | ) |

**FRUIT OF THE LOOM, INC.'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

<div style="text-align:right">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs Louden (#2881)
Michael J. Flynn (#5333)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
mflynn@mnat.com

*Attorneys for Defendant Fruit of the Loom, Inc.*

</div>

OF COUNSEL:

Terry L. Clark
BASS, BERRY & SIMS
2200 Pennsylvania Avenue, NW
4th Floor East
Washington, DC  20037
(202) 507-5770

March 5, 2012

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION .....................................................................................................................1

    I.    PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD CLAIMS OF DIRECT INFRINGEMENT ............................................................................... 2

    II.    PLAINTIFF HAS FAILED TO ADEQUATELY PLED ITS CLAIMS OF INDIRECT INFRINGEMENT. ............................................................................ 5

        INDUCED PATENT INFRINGEMENT ................................................................. 6

        CONTRIBUTORY PATENT INFRINGEMENT ................................................. 6

    III.    PLAINTIFF'S CLAIMS OF WILLFUL INFRINGMENT ARE ALSO IMPLAUSIBLE AND SUBJECT TO DISMISSAL ............................................. 10

CONCLUSION .........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Air Vent, Inc. v. Owens Corning Corp.*,
  2011 WL 2601043 (W.D. Pa. June 30, 2011) ................................................................. 9

*Anticancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*,
  2010 WL 3894974 (S.D. Cal. Sept. 30, 2010) ................................................................ 9

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (U.S. 2009) ................................................................................... Passim

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... Passim

*Conley v. Gibson*,
  355 U.S. 41 (1957) ........................................................................................................... 1

*Discflo Corp. v. Am. Process Equip., Inc.*,
  2011 WL 6888542 (S.D. Cal. Dec. 29, 2011) ................................................................. 8

*Enlink Geoenergy Services, Inc. v. Jackson & Sons Drilling & Pump, Inc.*,
  2010 WL 1221861 (N.D. Cal. Mar. 24, 2010) ................................................................ 9

*EON Corp. IP Holdings, LLC v. FLO TV, Inc.*,
  2011 WL 2708945 (D. Del. July 12, 2011) ..................................................................... 5

*Halton Co. v. Streivor, Inc.*,
  2010 WL 2077203 (N.D. Cal. May 21, 2010) .............................................................. 10

*Hewlett-Packard Co. v. Intergraph Corp.*,
  2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ................................................................ 5

*Mallinckrodt Inc. v. E-Z-Em Inc.*,
  670 F. Supp. 2d 349 (D. Del. 2009) ................................................................................ 7

*Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*,
  2011 WL 941197 (D. Del. 2011) ..................................................................................... 9

*Prestige Pet Prods., Inc. v. Pingyang Huaxing Leather & Plastic Co.*,
  767 F. Supp. 2d 806 (E.D. Mich. 2011) .......................................................................... 5

*Rovi Corp. v. Hulu*,
  2012 WL 261982 (D. Del. Jan. 27, 2012) .................................................................. 3, 7

*Via Vadis, LLC v. Skype, Inc.*,
  2012 WL 261367 (D. Del. Jan. 27, 2012) ....................................................................... 3

*Wright Mfg. Inc. v. Toro Co.*,
2011 WL 6211172 (D. Md. Dec. 13, 2011) .......... 9

*Wistron Corp. v. Phillip M. Adams & Associates, LLC*,
2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) .......... 4

**RULES AND STATUTES**

35 U.S.C. § 271(b) .......... 6

35 U.S.C. § 271(c) .......... 6

Fed. R. Civ. P. Rule 12(b)(6) .......... 1

Defendant Fruit of the Loom, Inc. ("Fruit of the Loom") respectfully submits this reply brief in support of its Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Contrary to Plaintiff's assertions,[1] it has not sufficiently stated a claim for direct patent infringement because it has not adequately identified the infringing products, whether under *Twombly* and *Iqbal,* or under Form 18. Further, Plaintiff's claims of indirect infringement consist almost entirely of legal conclusions without any factual support; therefore, these claims also fail. Finally, Plaintiff's claims of willful infringement must also be dismissed because it has not properly pled its claims of direct or indirect infringement. For the reasons set forth below, Fruit of the Loom's motion should be granted.

## **INTRODUCTION**

There is little doubt that the "sea change" of *Twombly* and *Iqbal* dramatically changed civil litigation. For the preceding 50 years, a complaint would not be dismissed for failure to state a claim unless "it appear[ed] beyond doubt that the plaintiff could prove *no set of facts* in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (emphasis added). In redefining the pleading standard, the *Twombly* Court held that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id.* at 557-58. The Supreme Court elaborated on the dangers of discovery cost being used as a weapon: "The threat of discovery expense will push cost-

---

[1] As a threshold procedural matter, Plaintiff's initial statement that a scheduling conference is set for March 28, 2012, is incorrect. No such scheduling conference has been scheduled in this case.

conscious defendants to settle even anemic cases before reaching those proceedings." *Id.* at 559. Thus, before factually-complex and costly litigation proceeds, the district court retains the power to "insist on some specificity in the pleading." *Id.* at 558. In 2009, the Supreme Court further refined the *Twombly* standard, holding that "Rule 8 does not empower [a plaintiff] to plead the bare elements,…affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954 (2009).

Few cases are as costly and factually complex as those grounded in patent litigation. Likewise, few lawsuits allow the plaintiff to delve as deeply into a defendant's confidential and proprietary information, often touching all areas of its business. It is incumbent on the plaintiff, who is presumably far more familiar with its patent rights than is the defendant, to articulate its claim with enough detail that a defendant actually is able to understand what is at issue in the suit. If a plaintiff is unable to articulate a claim that puts the defendant on notice of what it is being sued for, the exercise is nothing more than a costly fishing expedition at the defendant's expense. Round Rock has not met the pleading standards of *Twombly* and *Iqbal* and therefore is not entitled to troll through Fruit of the Loom's confidential and proprietary information at great expense to Fruit of the Loom in the hopes of extracting a settlement.

I. **PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD CLAIMS OF DIRECT INFRINGEMENT**

Plaintiff argues that its conclusory, formulaic recital of the elements of a direct infringement claim satisfies the pleading requirements of Form 18 by "identifying" the allegedly infringing products as "products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers (collectively, 'RFID products')." D.I. 13, "Opp." at 10 (citing Comp. at ¶ 15). As a threshold matter, Plaintiff ignores recent decisions from this Court, cited by Fruit of the Loom, which

indicate that Form 18 is *not* the applicable standard for claims of patent infringement after *Twombly* and *Iqbal*. *See Rovi Corp. v. Hulu, LLC*, 2012 WL 261982, *2 (D. Del. Jan. 27, 2012); *Via Vadis, LLC v. Skype, Inc.*, 2012 WL 261367, *2 (D. Del. Jan. 27, 2012). Plaintiff's claims of direct infringement must meet the more rigorous pleading standards of *Iqbal* and *Twombly*, which they plainly do not.

Regardless of whether Form 18 applies, Round Rock has not adequately pled its claims under any applicable standard. Plaintiff's "description" of the allegedly infringing "RFID products" is simply too vague. The asserted claims in this litigation do not expressly recite merely "ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers;" but instead claim a wide and diverse variety of systems, methods, and devices. In fact, not a single claim at issue expressly recites only "ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers." Indeed, the Federal Trade Commission Workshop Report attached by Plaintiff to its Opposition reinforces this point, stating that "[g]eneric references to 'RFID technology' may be applied incorrectly to a wide range of devices or capabilities […] RFID technology itself can be used for a variety of applications." Opp., Ex. A at 3.

Plaintiff claims that it need not specify a single allegedly infringing Fruit of the Loom product to satisfy the requirements of *Twombly* and *Iqbal* or even Form 18. Instead, Plaintiff claims it can simply assert that *all* products used by Fruit of the Loom that include RFID tags or readers are infringing, regardless of the type of product, the manner in which the technology is incorporated into the application, the type of RFID technology in the product, or the type of RFID reader that is used.

Unlike Form 18, which identifies a specific product that is allegedly infringing ("electric

motors"), Plaintiff's Complaint alleges only that the infringing product is any product whatsoever that incorporates a broad class of technology – namely, ultra-high frequency passive RFID tags and readers. This class of products is incredibly broad and encompasses every product made containing ultra-high frequency passive RFID technology, without regard to whether Fruit of the Loom purchases or uses a product containing technology that actually infringes Plaintiff's patents. To illustrate how unhelpful this description is, it would be as if a patentee had a patent that covered a particular type of car accessory but sued a car manufacturer for infringement simply on the basis that the manufacturer makes cars and cars contain car accessories. To give another example of how vague Plaintiff's description is, it would be similar to an allegation that Fruit of the Loom was infringing by using "all products containing laser technology" or all products "containing computer technology." In short, Plaintiff's description tells Fruit of the Loom virtually nothing. A blanket assertion that *every* product containing ultra high-frequency passive RFID technology infringes Plaintiff's patents is absurdly unspecific and cannot pass muster under Form 18, *Twombly* or *Iqbal*. Without more specificity as to which *Fruit of the Loom* product allegedly infringes Plaintiff's patents, Plaintiff's Complaint must be dismissed.

Courts considering similar facts have held that even the more lenient pleading standard embodied in Form 18 requires more than merely alleging a generic class of products divorced from any specific context. For example, the United States District Court for the Northern District of California in *Wistron Corp. v. Phillip M. Adams & Associates, LLC* recently dismissed a complaint for direct infringement, holding that:

> notwithstanding the suggestion in Form 18 that specificity is not necessary, most courts have, in the wake of *Twombly* and *Iqbal*, required some level of specificity regarding the accused product, i.e., beyond the generic descriptions such as those employed by Adams ("computer chips, motherboards, computers"). Indeed, many courts have even required an exact identification.

2011 WL 4079231, **3-4 (N.D. Cal. Sept. 12, 2011). "Computer chips, motherboards and

4

computers" is a far more detailed description than "RFID Products," yet the allegations in *Wistron* were not sufficient. Moreover, in a pre-*Iqbal* decision, the same Court dismissed a direct infringement Complaint potentially encompassing hundreds of different products with varying applications, holding that such allegations did not meet Form 18's requirement to identify a "single 'type' of product." *Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, *1 (N.D. Cal. Sept. 6, 2003). Similarly, the United States District Court for the Eastern District of Michigan dismissed a direct infringement claim identifying "all dog chew products" as allegedly infringing because the Complaint's "[i]dentification of broad categories of products that might be made by infringing a patent, without more, states only a possibility of a claim." *Prestige Pet Prods., Inc. v. Pingyang Huaxing Leather & Plastic Co.*, 767 F. Supp. 2d 806, 810 (E.D. Mich. 2011). Round Rock's broad identification of all "RFID Products", even though there is no such thing, also suggests only the possibility of a claim in the absence of facts tying these unknown products to one of several claims of several patents and to Fruit of the Loom.

## II.   PLAINTIFF HAS FAILED TO ADEQUATELY PLED ITS CLAIMS OF INDIRECT INFRINGEMENT.

Plaintiff's indirect infringement claims are merely legal conclusions. These allegations are insufficient because, "[c]onsistent with this court's heightened pleading requirements for indirect infringement claims," a claim for induced or contributory infringement must allege sufficient facts to demonstrate that the claim is plausible. *EON Corp. IP Holdings, LLC v. FLO TV, Inc.*, 2011 WL 2708945, *5 (D. Del. July 12, 2011). Because the Complaint contains little if any factual support for these claims, they are implausible and must be dismissed.

Plaintiff's Opposition spends a great deal of time arguing that it has properly alleged all the elements required for indirect infringement claims. This argument misses the point. After

5

*Twombly* and *Iqbal*, simply checking off the elements of a cause of action is not sufficient. The Plaintiff is required to provide a *factual basis* which supports the elements of the cause of action. Here, despite its protestations to the contrary, Plaintiff has not done so. Plaintiff's allegations of indirect infringement are completely conclusory and, as such, the Court should not give them the presumption of truth. Without a presumption of truth, there is no factual support in the Complaint for these allegations whatsoever. To briefly recap, Round Rock's allegations of contributory infringement and inducement to infringe are as follows:

### INDUCED PATENT INFRINGEMENT

> Fruit of the Loom has induced infringement, and continues to induce infringement, of one or more claims of the ['650, '544, '078, '726, '531 patents] under 35 U.S.C. § 271(b). Fruit of the Loom actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the ['650, '544, '078, '726, '531 patents] by selling or otherwise supplying RFID products; with the knowledge and intent that third parties will use the RFID products supplied by Fruit of the Loom to infringe the ['650, '544, '078, '726, '531 patents]; and with the knowledge and intent to encourage and facilitate the infringement through the dissemination of the RFID products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the RFID products.

Comp. at ¶¶ 18, 28, 38, 48 and 58 (D.I. 1).

### CONTRIBUTORY PATENT INFRINGEMENT

> Fruit of the Loom has contributed to the infringement by third parties, including Fruit of the Loom's customers, and continues to contribute to infringement by third parties, of one or more claims of the ['650, '544, '078, '726, '531 patents] under 35 U.S.C. § 271(c), by selling and/or offering for sale in the United States, and/or importing into the United States, RFID products, knowing that those products constitute a material part of the inventions of the ['650, '544, '078, '726, '531 patents], knowing that those products are especially made or adapted to infringe the ['650, '544, '078, '726, '531 patents], and knowing that those products are not staple articles of commerce suitable for substantial noninfringing use.

Comp. at ¶¶ 19, 29, 39, 49 and 59 (D.I. 1).

These allegations do nothing more than track the statutory language and provide no alleged facts to explain what product or even what *class* of products are really at issue in this

case and how Fruit of the Loom induces the infringement of Plaintiff's patents by using these unknown products. As set out above, the cryptic description of "RFID Products" could be any number of products or subsets of types of products, regardless of whether Fruit of the Loom actually purchases or uses an RFID product that infringes the patents. Second, there is no factual explanation as to how Fruit of the Loom "actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the ['650, '544, '078, '726, '531 patents]," or how it could have done so when it does not even know which products are accused in this action.

Although Plaintiff does state that Fruit of the Loom induces infringement by encouraging and facilitating infringement "through the dissemination of the RFID products and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the RFID products," when dissected, this sentence means nothing more than Fruit of the Loom distributed the unknown product and the materials that allegedly went with it. This allegation falls far short of providing a factual basis for the claim of *inducement* to infringe and the intent element required for that claim. *See Rovi*, 2012 WL 261982 at *2 ("There are simply no facts pled to advise Hulu … what actions Hulu took that would warrant a conclusion that the infringement was done willfully or intentionally, and no facts to support the claims that Hulu induced others to infringe."); *Mallinckrodt Inc. v. E-Z-Em Inc.,* 670 F. Supp. 2d 349, 354 (D. Del. 2009) ("the Complaint does not plead sufficient facts to permit a reasonable inference that Defendant's actions explicitly or implicitly induced anyone to use the infringing device").

In short, Plaintiff has not alleged any facts that would demonstrate why Fruit of the Loom's dissemination of this unknown product would amount to intent to "knowingly and

7

intentionally induce infringement." Although the Complaint does state that two letters were sent to Fruit of the Loom, allegations of a defendant's "mere knowledge of possible infringement will not suffice" to demonstrate the requisite specific intent for a claim of indirect infringement. *Discflo Corp. v. Am. Process Equip., Inc.*, 2011 WL 6888542, **2-4 (S.D. Cal. Dec. 29, 2011). Because Plaintiff provides no factual support for this allegation, it simply is not plausible under the standards of *Twombly* and *Iqbal*.

Plaintiff's allegations of contributory infringement are even more rote and perfunctory, reciting the statutory elements of contributory infringement and nothing more. *Why* does the sale of this unknown product contribute to infringement? What is the basis for the conclusion that Fruit of the Loom knows that these unknown products constitute a material part of the inventions of the patents? What is the basis for the conclusion that Fruit of the Loom knows that these unknown products were especially made or adapted to infringe the patents? What is the basis for the conclusion that Fruit of the Loom knows that these unknown products are not staple articles of commerce suitable for a substantial noninfringing use? Quite simply, there is no factual basis for these conclusions and, as such, the allegations are defective and should be dismissed.

Plaintiff's Opposition seems to make the half-hearted contention that its allegations were sufficiently factual because infringement is a question of fact and not of law. Opp. at 10. Facts can certainly be pivotal in determining questions of infringement; however, it does not follow that Plaintiff has pled sufficient facts in *this* Complaint. In addition, Plaintiff spent a good deal of its Opposition distinguishing the cases cited by Fruit of the Loom for the proposition that conclusory allegations of indirect infringement are defective and subject to dismissal under *Twombly* and *Iqbal*. Plaintiff principally argued that these cases did not apply because the cited case did not allege a particular element of indirect infringement, while Plaintiff *did* allege the

element. Again, this argument misses the point — copying the statute from the U.S. Code and turning that sentence into an allegation containing the Defendant's name is not an allegation that can survive a motion to dismiss after *Twombly* and *Iqbal*. For example, in *Enlink Geoenergy Services, Inc. v. Jackson & Sons Drilling & Pump, Inc.*, the Northern District of California granted the defendant's motion to dismiss direct and inducement to infringe claims because, like in the case at bar, the complaint failed to allege anything more than a bare recital of the elements of the cause of action, stating:

> Plaintiff's claims for indirect infringement against Mr. Jackson are equally conclusory and uninformative. […] Here, Plaintiff fails to allege any facts to support its inducement causes of action against Mr. Jackson. *Plaintiff's complaint merely repeats the exact language from the statute without adding any factual allegations. Mere conclusory recitations of a statute are not sufficient under Rule 8 to plead a cause of action. Iqbal,* 129 S. Ct. at 1949.

2010 WL 1221861, **1-2 (N.D. Cal. Mar. 24, 2010) (emphasis added).

Many other courts have also held that conclusory allegations devoid of factual support are subject to dismissal after *Twombly* and *Iqbal. See Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, 2011 WL 941197, **2-4 (D. Del. 2011) (patentee fails to state a claim for inducing infringement or contributory infringement where it merely "parrots" the elements from the statute); *Wright Mfg. Inc. v. Toro Co.*, 2011 WL 6211172, **3-4 (D. Md. Dec. 13, 2011) (plaintiff's highly generalized statements concluding that [defendants] were "aiding and causing distributors and/or dealers to sell and offer to sell mowers, including Grandstand [and Vantage] mowers" were insufficient); *Air Vent, Inc. v. Owens Corning Corp.*, 2011 WL 2601043, **4–6 (W.D. Pa. June 30, 2011) (indirect infringement claims were dismissed for want of sufficient facts to explain why purchasers or users would be direct infringers); *Anticancer, Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 2010 WL 3894974, *5 (S.D. Cal. Sept. 30, 2010) (finding that patentee failed to properly plead a claim for contributory infringement because it had "not pled any facts

9

which would establish that the devices at issue are not 'suitable for substantial non-infringing use'"); *Halton Co. v. Streivor, Inc.*, 2010 WL 2077203, **1–3 (N.D. Cal. May 21, 2010) (complaint dismissed because devoid of facts sufficient to support claims of inducement or contributory infringement). Round Rock's claims of indirect infringement are similarly conclusory and defective and should be dismissed as implausible under *Twombly* and *Iqbal*.

### III. PLAINTIFF'S CLAIMS OF WILLFUL INFRINGMENT ARE ALSO IMPLAUSIBLE AND SUBJECT TO DISMISSAL.

Plaintiff's Complaint contains legal conclusions masquerading as claims of willful infringement -- "Fruit of the Loom's infringement of [....] patent was, and continues to be, willful" -- and seeks enhanced damages and attorney fees. *See* Comp. ¶¶ 21, 31, 41, 51 and 61 (D.I. 1). Because Plaintiff has not alleged adequate claims of direct or indirect infringement against Fruit of the Loom, its claims of willful infringement are implausible and subject to dismissal. If Plaintiff cannot state a claim for patent infringement, it obviously cannot establish that this unknown infringement was willful. As such, Plaintiff's willful infringement claims must be dismissed.

### **CONCLUSION**

Plaintiff's Complaint does not allege adequate claims of direct patent infringement because there is no meaningful identification of what products are at issue and how those products are tied to Fruit of the Loom. Similarly, Plaintiff's claims of indirect infringement are not sufficient because they consist almost entirely of formulaic recitations of the applicable statute. These types of conclusory allegations do not suffice after *Twombly* and *Iqbal*. Because Plaintiff has not alleged adequate claims of direct or indirect patent infringement, it also has not stated adequate claims of willful patent infringement. For the foregoing reasons, Fruit of the Loom's motion to dismiss should be granted.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Terry L. Clark<br>BASS, BERRY & SIMS<br>2200 Pennsylvania Avenue, NW<br>4th Floor East<br>Washington, DC  20037<br>(202) 507-5770<br><br><br>March 5, 2012<br>5794327 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Karen Jacobs Louden*<br>_____<br>Karen Jacobs Louden (#2881)<br>Michael J. Flynn (#5333)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>klouden@mnat.com<br>mflynn@mnat.com<br><br>   *Attorneys for Defendant Fruit of the Loom, Inc.* |

11

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused copies of the foregoing document to be served on

March 5, 2012 upon the following in the manner indicated:

| | |
|---|---|
| Brian E. Farnan, Esquire<br>FARNAN LLP<br>919 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Round Rock Research, LLC* | *VIA ELECTRONIC MAIL* |
| Jon T. Hohenthaner, Esquire<br>Jason Berrebi, Esquire<br>Eugene Chiu, Esquire<br>DESMARAIS LLP<br>230 Park Avenue<br>New York, NY  10169<br>*Attorneys for Round Rock Research, LLC* | *VIA ELECTRONIC MAIL* |

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)